UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **WILLIAM HARGROVE** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-06-86** |
| | § | |
| **CASTERLINE FISH CO., INC. AND** | § | |
| **THE F/V CODY** | § | |

**ORDER**

Pending before the court is Defendant's Motion for Summary Judgment. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

**Facts**

Plaintiff was employed as captain on Casterline Fish Company, Inc.'s ("Casterline") shrimp boat, the F/V CODY. He slipped and fell while coming down the steps from the wheelhouse to the galley, fracturing his left leg. Plaintiff brought suit against Casterline under the Jones Act and general maritime law for negligence and also alleged the F/V CODY was unseaworthy. Plaintiff contends the lack of handrails and non-skid strips on the stairs was negligent, made the vessel unseaworthy and was the proximate cause of his fall.

**Summary Judgment Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citing FED. R. CIV. PRO. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Id.* If the moving party fails to meet that burden, summary judgment is

inappropriate regardless of the response of the nonmoving party. *Id.* If the moving party meets its burden, the nonmoving party must designate specific facts that show there is a genuine issue for trial. *Id.* On summary judgment, factual controversies are resolved in favor of the nonmoving party. *Id.* However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002).

## Discussion

Viewing the evidence in a light most favorable to the Plaintiff, a factual dispute exists as to whether the lack of handrails and non-skid paint on the steps created an unsafe work environment for the seaman and made the vessel unfit for its intended purpose. Also, several factually similar cases support the court's conclusion that Casterline's failure to provide handrails or non-skid paint on the stairs may support a finding of negligence and unseaworthiness. *See Martin v. Walk, Haydel & Assocs., Inc.*, 742 F.2d 246, 248 (5th Cir. 1984) (case taken to trial on Plaintiff's claim that his fall resulted from vessel owner's negligence); *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir. 1980) (finding no error in instruction to jury that it could find unseaworthiness based on vessel's failure to provide a handrail); *Cameron v. U.S.*, 135 F. Supp. 2d 775, 777–78 (S.D. Tex. 2001) (after bench trial, judge found lack of non-skid surface on ladder and lack of handrails was at least partially responsible for seaman's injuries); *Levine v. Zapata Protein (USA), Inc.*, 961 F. Supp. 942, 945 (E.D. La. 1996) (finding that vessel was unseaworthy because the stairs were not fit for the purpose for which they were intended). Thus, the court finds that a genuine issue of material fact exists as to Casterline's negligence and the seaworthiness of the vessel.

**Conclusion**

Accordingly, the court DENIES Defendant's Motion for Summary Judgment and this case shall proceed to trial in September 2007.

It is so ORDERED.

SIGNED this 20th day of August, 2007.

```
_____
          JOHN D. RAINEY
     UNITED STATES DISTRICT JUDGE
```